NORTHEAST OHIO REGIONAL SEWER DISTRICT, Appellant,

v.

ADVANCED MEDICAL SYSTEMS, INC. et al., Appellees.

[Cite as *Northeast Ohio Regional Sewer Dist. v. Advanced Med. Sys., Inc.* (1995), 106 Ohio App.3d 542.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68363.

Decided Sept. 25, 1995.

*Lawrence K. English, Sara J. Fagnilli* and *William B. Schatz; Squire, Sanders & Dempsey, Frank A. Dipiero, Valerie M. Fladung* and *John E. Lynch, Jr.,* for appellant.

*Arter & Hadden, Henry E. Billingsley II, William J. Muniak, Susan B. Belanger* and *Irene C. Keyse–Walker; Stavole & Miller* and *Dwight A. Miller,* for appellees.

PATRICIA ANN BLACKMON, Judge.

Northeast Ohio Regional Sewer District ("NEORSD"), plaintiff-appellant, appeals a decision from the trial court dismissing its complaint against Advanced Medical Systems, Inc. ("AMS"), defendant-appellee. NEORSD assigns the following three errors for our review:

"I. The trial court erred in dismissing plaintiff-appellant's complaint for damage to property caused by a nuclear incident simply because plaintiff-

appellant's complaint did not reference the Price Anderson Amendments Act, 42 U.S.C. Sections 2014 *et seq.*, although all necessary elements for a Price Anderson Amendments Act cause of action were alleged in the complaint.

"II. The trial court erred in not allowing plaintiff-appellant to amend its complaint to cure the alleged defect that the complaint failed to reference the Price Anderson Amendments Act, 42 U.S.C. Sections 2014 *et seq.*

"III. The trial court erred in not maintaining jurisdiction over plaintiff-appellant's application for a preliminary injunction because such proceedings were based solely upon plaintiff-appellant's legal authority to enforce its code of regulations, which in this case does not constitute a public liability claim under the Price Anderson Amendments Act, 42 U.S.C. Sections 2014 *et seq.*"

After reviewing the record and the arguments of the parties, we reverse the judgment of the trial court. The apposite facts follow.

AMS produced radioactive components used in radiation therapy machines. Among the byproducts created by the production process is Cobalt 60, a radioactive compound. In 1993, AMS's London Road facility was discharging its wastewater into the public sewer owned by NEORSD. The water was treated at nearby Easterly Wastewater Treatment plant, where the solid waste material was filtered out and pumped to Southerly Wastewater Treatment plant for further treatment. NEORSD's tests of the sludge at Southerly revealed the presence of Cobalt 60. On April 1, 1993, NEORSD filed suit against AMS and several other companies in a five-count complaint alleging strict liability in the conduct of an ultrahazardous activity, negligence, private nuisance, trespass and reckless and wanton misconduct. NEORSD sought $25,000 in compensatory damages, $25,000 in punitive damages, and costs. It also sought a permanent injunction preventing AMS from discharging any more radioactive material into the public sewer system and the establishment of a fund for a testing program to monitor the environmental and human health effects of the substances released.

AMS's answer to the complaint alleged that NEORSD had failed to state a claim upon which relief could be granted. According to AMS, its Nuclear Regulatory Commission license permitted it to discharge Cobalt 60, and NEORSD's complaint alleged no violation of federal law. On October 6, 1994, AMS moved to dismiss the complaint, arguing that federal regulations preempted NEORSD's state law causes of action. The trial court granted the motion to dismiss, finding that all actions involving liability from any nuclear incident were within the exclusive province of the Price–Anderson Amendments Act, Section 2210, Title 42, U.S.Code ("Price–Anderson Amendments") and that NEORSD had no state cause of action pertaining to the discharge of Cobalt 60. This appeal followed.

The issue raised by NEORSD's first assignment of error is whether the trial court erred in granting the motion to dismiss. AMS argues that NEORSD's complaint for damages from the discharge of Cobalt 60 falls under the Price–Anderson Amendments. AMS argues, according to the Price–Anderson Amendments, that claims arising out of nuclear incidents could only be brought in a "public liability action." The Price–Anderson Amendments contain the following provision with respect to public liability actions:

"With respect to any public liability action arising out of or resulting from a nuclear incident, the United States District Court in the district where the nuclear incident takes place * * * shall have original jurisdiction without regard to the citizenship of any party or the amount in controversy." Section 2210(n)(2), Title 42, U.S.Code.

A public liability action is "any suit asserting public liability." Section 2014(hh), Title 42, U.S.Code. Public liability is defined as "any legal liability arising out of or resulting from a nuclear incident or precautionary evacuation," including damage to property of persons indemnified. Section 2014(w), Title 42, U.S.Code. A nuclear incident is defined as "any occurrence, including an extraordinary nuclear occurrence, within the United States causing, within or outside the United States, bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." Section 2014(q), Title 42, U.S.Code. Under the Price–Anderson Amendments, the United States district court is granted original jurisdiction and not exclusive jurisdiction. Therefore, a Price–Anderson Amendments claim may be brought and prosecuted in state court.

Since NEORSD filed its action in state court, without any reference to the Price–Anderson Amendments, AMS argues that the trial court properly dismissed the claim because NEORSD failed to properly use the words "public liability action." NEORSD argues that its complaint sufficiently alleged a claim under the Price–Anderson Amendments, even though the complaint did not specifically mention the Amendments or the words "public liability action."

In determining whether the plaintiff has successfully stated a claim for relief, the trial court must, as a matter of law, accept all the allegations in the complaint as true. *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. The trial court must examine the allegations in the plaintiff's complaint to determine if they support *any* basis for recovery, including those legal theories not specifically mentioned in the complaint. *Rogers v. Targot Telemarketing Services* (1990), 70 Ohio App.3d 689, 591 N.E.2d 1332. Consequently, NEORSD's failure to specifically refer to the Price–

Anderson Amendments in its complaint does not preclude the trial court from considering whether the complaint sufficiently states a cause of action under the Amendments.

■ NEORSD's complaint alleged that its property had been damaged by the Cobalt 60 in wastewater discharged from the AMS plant. The complaint alleged that AMS was responsible for the damage under several theories of legal liability—strict liability in the conduct of an ultrahazardous activity, negligence, private nuisance, trespass, and wanton and reckless misconduct. NEORSD alleged a nuclear incident by asserting that AMS released radioactive nuclear byproduct material which caused loss of or damage to NEORSD's property. Even though it did not contain a specific reference to the Price–Anderson Amendments, NEORSD's complaint contained all necessary elements of a public liability action. The complaint stated a viable claim. Material factual issues remained for trial. Therefore, the trial court erred in dismissing the complaint. NEORSD's first assignment of error is well taken. Consequently, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings.

■ We also find that the trial court erred in not allowing NEORSD to amend its complaint. Civ.R. 15(A) provides that leave to amend should be freely given when justice so requires. Though, as stated above, all necessary elements of a public liability action were alleged in the complaint, the trial court erroneously believed that NEORSD's complaint was defective because it did not refer to the Price–Anderson Amendments Act. Even if such a reference was necessary to properly state a public liability action, the trial court should have allowed NEORSD to amend its complaint to add such a reference. NEORSD's failure to use the term "public liability action" did not alter the fact that the allegations of the complaint fell within the parameters of the Price–Anderson Act. NEORSD's second assignment of error is well taken.

In its third assignment of error, NEORSD argues that the trial court erred in failing to reserve jurisdiction over its claim for injunctive relief. In light of our decision to remand the cause to the trial court for further proceedings, this issue is moot.

*Judgment reversed*
*and cause remanded.*

HARPER and DYKE, JJ., concur.