OPINION
{¶ 1} In this accelerated appeal, submitted on the record and the briefs of the parties, plaintiff-appellant, Ricky A. Goss, appeals the judgment of the Trumbull County Court of Common Pleas, dismissing his complaint for "failure to state a cause of action." We reverse the judgment of the lower court.
 {¶ 2} Goss, a 14-year employee of Kmart, worked as a computer operator at the company's distribution center located in Warren, Ohio. As the result of an injury, Goss was granted short-term disability leave until December 5, 2005. *Page 2 
 {¶ 3} In October 2005, Kmart sent Goss a letter terminating Goss' employment, alleging medical fraud. The letter stated that Kmart had obtained a four hour videotape from a private investigative firm retained by the company, which allegedly showed Goss jet skiing, and, at one point lifting his jet ski after it had become stuck on a sand bar.
 {¶ 4} In February 2006, Goss sent Kmart a letter denying the allegations against him. After failing to receive a response, Goss filed a two-count complaint against Kmart on May 25, 2006, alleging Disability Discrimination, under R.C. Chapter 4112, as well as a wrongful discharge complaint, alleging that his discharge was in violation of public policy.
 {¶ 5} On June 3, 2006, Kmart filed a Motion to Dismiss, pursuant to Civ.R. 12(B)(6), claiming that Goss' Disability Discrimination complaint was preempted under Section 301 of the Labor Management Relations Act,29 U.S.C. § 185(a). Kmart's motion alleged that Goss, as an employee of the Distribution Center, was subject to a Collective Bargaining Agreement ("CBA") and thus, was exclusively subject to the CBA's grievance procedure. The motion also alleged that Goss, being subject to a CBA, was, by definition, not an "at-will" employee and thus, was unable, as a matter of law, to bring a public policy "wrongful discharge" claim. In support of its motion, Kmart attached a copy of the CBA which allegedly applied to Kmart's Distribution Center employees.
 {¶ 6} On July 31, 2006, Goss filed a motion in opposition to Kmart's Motion to Dismiss. Kmart filed its reply to Goss' motion in opposition on August 9, 2006.
 {¶ 7} The trial court held a hearing on the parties' respective motions on August 10, 2006. On October 10, 2006, the trial court granted Kmart's motion to dismiss. *Page 3 
 {¶ 8} In its judgment entry, the trial court stated:
 {¶ 9} "This matter came before the court pursuant to a hearing on August 10, 2006. After review of the relevant arguments and evidence presented, the court finds that [Kmart's] motion to dismiss the complaint for failure to state a cause of action is well taken and hereby grants same.
 {¶ 10} "It is hereby ordered adjudged and decreed that [Goss'] complaint is dismissed for failure to state a cause of action. Costs assessed to Plaintiff. Case Concluded."
 {¶ 11} It is from this order that Goss timely appealed, assigning the following as error:
 {¶ 12} "The trial court erred to the prejudice of Appellant in its grant of a Rule [12](B)(6) motion where the complaint put forth a prima facie case of Disability Discrimination and in no way referred to or required reference to the CBA."
 {¶ 13} In his sole assignment of error, Goss argues that the trial court erred to his prejudice by granting Kmart's Motion to Dismiss based upon consideration of facts outside of the complaint and, specifically the copy of the CBA attached to Kmart's motion and thus, treating Kmart's motion as a Motion for Summary Judgment. We agree.
 {¶ 14} Civ. R. 12(B) governing motions for judgments on the pleadings states, in relevant part, as follows:
 {¶ 15} "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may *Page 4 
* * * be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, [and] (6) failure to state a claim upon which relief can be granted * * *."
(Emphasis added).
 {¶ 16} As a general rule, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd.of Commrs., 65 Ohio St.3d 545, 547, 1992-Ohio-73; see also Springer v.Fitton Ctr for Creative Arts, 12th Dist. No CA2004-06-128,2005-Ohio-3624, at ¶ 13 ("When considering a motion to dismiss, a court is confined to the averments in the complaint.") (citation omitted).
 {¶ 17} In reviewing a judgment involving a Civ.R. 12(B)(6) motion to dismiss, an appellate court conducts a de novo review of the complaint to determine whether the dismissal was appropriate. Ferreri v. PlainDealer Publishing Co. (2001), 142 Ohio App.3d 629, 639, citingGreeley v. Miami Valley Maintenance. Contrs., Inc. (1990),49 Ohio St.3d 228, 229-230; Camastro v. Motel 6 Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2001 Ohio App. LEXIS 1936, at *12-*13 (citations omitted).
 {¶ 18} In construing the complaint, we must presume that all factual allegations in the complaint are true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. When granting or denying a motion to dismiss under Civ.R. 12(B)(6), the principles of notice pleading apply and "a plaintiff is not required to prove his or her case at the pleading stage." York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144-145. *Page 5 
 {¶ 19} Accepting all factual allegations as true, a complaint should not be dismissed unless it appears "beyond doubt from the face of thecomplaint that the plaintiff can prove no set of facts entitling him to recovery." O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, at the syllabus (emphasis added).
 {¶ 20} "[A]s long as there is a set of facts, consistent with the plaintiffs complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York,60 Ohio St.3d at 145. Accordingly, "[t]his court must analyze whether or not there is a set of facts which would allow [the plaintiff] to recover."Sinoff v. Ohio Permanente Med. Group, Inc., 146 Ohio App.3d 732,2001-Ohio-4186, at ¶ 20.
 {¶ 21} In the instant matter, Goss' complaint alleges both disability discrimination under 4112.02 and the common law tort of wrongful discharge. An action for wrongful discharge under R.C. Chapter 4112 may be brought pursuant to the statute, pursuant to the common law tort of wrongful discharge in violation of public policy, or both.Springer, 2005-Ohio-3624, at ¶ 16.
 {¶ 22} R.C. 4112.02, the statute prohibiting unlawful discriminatory practices in the workplace, states that it "shall be an unlawful discriminatory practice" for "any employer, because of * * * disability * * * to discharge without just cause * * * or otherwise to discriminate against that person with respect to * * * any matter directly or indirectly related to employment." R.C. 4112.02(A).
 {¶ 23} To establish a prima facie claim of disability discrimination under R.C. 4112.02, the person seeking relief must establish that he or she (1) suffers from a *Page 6 
disability[1]; (2) suffered adverse employment action, at least in part, because of the disability and (3) that, despite the person's disability, he or she could "safely and substantially perform the essential functions of the job in question." Hood v. Diamond Prods.,Inc., 74 Ohio St.3d 298, 1996-Ohio-259, at paragraph one of the syllabus; Fitzmaurice v. Great Lakes Computer Corp.,155 Ohio App.3d 724, 2004-Ohio-235, at ¶ 6 (citation omitted); Miller v. Premier Indus.Corp. (2000), 136 Ohio App.3d 662, 669.
 {¶ 24} In order to determine if the first prong of the test is met, we must examine the definitional portion of the statute. R.C. 4112.01(13) defines a "disability" as any "physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."
 {¶ 25} "A disability determination must be made on a case-by-case basis." Pattison v. Honda of America Mfg., Inc., 2nd Dist. No. 2003-CA-38, 2004-Ohio-3788, at ¶ 17.
 {¶ 26} In his complaint, Goss alleged that he suffered from "spinal stenosis" and other "spinal problems," as well as depression and diabetes, and that these illnesses were "known to Kmart." Goss further alleged that these conditions "impact one or more major life activities" and that he was, during "the course and scope of his employment," made to take disability leave, and ordered off work by his physician until December 5, 2005. *Page 7 
 {¶ 27} Obviously, spinal stenosis and other spinal problems fall within the ambit of "physical impairments" which could "substantially limit one or more major life activities." Furthermore, courts in Ohio have concluded that depression, spinal problems and diabetes may qualify as disabilities under R.C. 4112.01(A)(13). See, Hayes v. ClevelandPneumatic Co. (1993), 92 Ohio App.3d 36, 42 (depression); Continenza v.Tablack, 7th Dist. No. 02 CA 250, 2003-Ohio-6719, at ¶ 21 (diabetes assumed to be "disability" under the statute for purposes of a summary judgment exercise). Thus, taking Goss' allegations as true, as we are required to do, the first element is satisfied.
 {¶ 28} With regard to the second element, Goss alleged that he was fired on the basis of his disabilities, and that the statement in the letter from Kmart's Human Resources manager that he had been observed lifting a jet ski off a sandbar was "false." Viewing these statements as true, Goss has satisfied the second element.
 {¶ 29} With regard to the third element, Goss alleges that "during the course of his employment as a computer operator, he "performed his assigned work duties in a manner satisfactory to Kmart." This averment is sufficient to survive dismissal under Cir.R. 12(B)(6).
 {¶ 30} "To establish a claim * * * pursuant to the common law tort of wrongful discharge, a plaintiff must demonstrate * * * `[t]hat a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law(the clarity element)[;] * * * [t]hat dismissing employees under circumstances like those involved in the plaintiffs dismissal would jeopardize the public policy (the jeopardy element) [;] * * * [t]he plaintiffs dismissal was motivated by conduct *Page 8 
related to the public policy (the causation element)[;] * * * [t]he employer lacked overriding legitimate business justification for the dismissal (the justification element).'" Springer, 2005-Ohio-3624, at ¶¶ 16-20, quoting Collins v. Rizkana, 73 Ohio St.3d 65, 69-70,1995-Ohio-135.
 {¶ 31} With regard to the first two elements, the public policy embodied in R.C. 4112.02 prohibits "discharge without cause" on the basis of a disability, and such discharge under these circumstances would jeopardize that public policy. Goss alleged that his discharge was based upon his disabilities, and thus, the public policy would be jeopardized. Goss' characterization of Kmart's allegations upon which his dismissal was purportedly based as "false" is sufficient to demonstrate, for the purposes of a 12(B)(6) motion, that Kmart "lacked overriding legitimate business justification for the dismissal."
 {¶ 32} Accepting Goss' averments, and the inferences reasonably derived therefrom as true, we conclude that he has stated claims under R.C. Chapter 4112 and in common law tort for wrongful discharge in violation of public policy sufficient to survive a Civ.R. 12(B)(6) challenge. See Fancher v. Fancher (1982), 8 Ohio App.3d 79, at the syllabus. (A "pleading * * * need not state with precision all elements that give rise to a legal basis for recovery * * *, [however it] must contain either direct allegations on every material point necessary to sustain a recovery * * * or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.").
 {¶ 33} Kmart argues that the trial court did not err, since it was entitled to treat its Motion to Dismiss as a Motion for Summary Judgment and Goss had "ample *Page 9 
opportunity to challenge the authenticity or applicability" of the CBA attached to its motion. Kmart further argues that even if this was error, such error was "harmless," since the court afforded the parties "a reasonable opportunity to present matters outside the pleadings." We disagree.
 {¶ 34} Pursuant to Civ.R. 12(B), "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." Thus, Kmart is correct that courts have the option to treat a motion to dismiss as a motion for summary judgment.
 {¶ 35} However, the power of the court to do so is limited in two important respects. First, the rule provides that "the court shall consider only such matters outside the pleadings as are specificallyenumerated in Rule 56." Civ.R. 12(B) (emphasis added). Second, the rule requires that "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." Id. (emphasis added). This has been interpreted to require that a court "notify all parties that it has converted a motion to dismiss for failure to state a claim into a motion for summary judgment `at least fourteen days before the time fixed for hearing.'" Petrey v. Simon
(1983), 4 Ohio St.3d 154, at paragraph two of the syllabus.
 {¶ 36} With regard to the notice issue, there is no evidence in the record, nor does Kmart dispute, that the trial court provided notice to the parties that it intended to convert Kmart's motion to dismiss into a motion for summary judgment, despite the fact that the court conducted a "hearing" on Kmart's motion to dismiss. Thus, if the trial court intended to treat Kmart's motion as a motion for summary judgment, it did so in *Page 10 
error. "[I]f the trial court wished to rely upon the exhibits that appellees attached to their motion to dismiss * * *, then the trial court should have converted appellee's motion to dismiss into a motion for summary judgment and should have given the parties notice of the conversion." State ex rel. O'Brien Farm v. Bd. of Cty. Cmmrs. of AdamsCty. (Feb. 24, 1997), 4th Dist. No. 96 CA 626, 1997 Ohio App. LEXIS 731 at *16.
 {¶ 37} Furthermore, even if the court had given proper notice as required, it relied on evidence not permitted by Civ.R. 56 in granting summary judgment in favor of Kmart.
 {¶ 38} Civ.R. 56(C) provides, in relevant part, that "[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.No evidence or stipulation may be considered except as stated in thisrule." (Emphasis added).
 {¶ 39} In the instant matter, Kmart sought to dismiss Goss' complaint on the basis that he was "subject to the provisions of the Collective Bargaining Agreement" and thus, his disability discrimination complaint was pre-empted by the Labor Management Relations Act. In support of their contention, Kmart attached what was purported to be the Collective Bargaining Agreement (CBA) between Kmart and the International Union of United Automobile, Aerospace and Agricultural Implement Workers of America. However, the CBA was not authenticated in any manner.
 {¶ 40} "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E)."Biskupich v. Westbay Manor Nursing Home (1986), *Page 11 33 Ohio App.3d 220, 222. "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions."State ex rel. Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467.
 {¶ 41} "Unauthenticated documents which are not sworn, certified, or authenticated by way of affidavit have no evidentiary value and may not [be] considered by the trial court." Internatl. Brotherhood ofElectrical Workers v. Hyder, 6th Dist. No. WD-03-067, 2004-Ohio-3460, at ¶ 19; accord Douglass v. Salem Cmty. Hosp., 153 Ohio App.3d 350,2003-Ohio-4006, at ¶ 25; Citizens Ins. Co. v. Burkes (1978),56 Ohio App.2d 88, 95-96.
 {¶ 42} Since Kmart's motion to dismiss was predicated on the fact that (1) a valid CBA was in effect; (2) the CBA covered Goss; and, (3) the application of the CBA operated to preclude Goss' claims, the trial court's reliance on an improperly authenticated document, despite the fact that it held a hearing on Kmart's motion, was reversible error. SeeDresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107 (In the summary judgment context, "the moving party bears the initial burden ofdemonstrating that there are no genuine issues of material fact.") (emphasis sic).
 {¶ 43} In sum, we hold that the trial court erred regardless of whether it treated Kmart's motion as a motion to dismiss or a motion for summary judgment by improperly relying on information both outside the complaint and not properly certified or authenticated to reach its decision. We note, however, that this holding does not preclude either party from subsequently filing a properly supported motion for summary judgment. *Page 12 
 {¶ 44} Goss' sole assignment of error has merit.
 {¶ 45} We reverse the judgment of the Trumbull County Court of Common Pleas and remand for proceedings consistent with this opinion.
CYNTHIA WESTCOTT RICE, P.J., COLLEEN MARY OTOOLE, J. concur.
[1] R.C. 4112.01(13), was amended by 1999 H 264 (eff. 3/17/2000) to substitute the word "Disability" for the term "Handicap." The definition for the term remained unchanged. See R.C. 4112.01, Historical and Statutory Notes. *Page 1