DECISION
{¶ 1} David Spurlock filed this action in mandamus seeking a writ to compel three employees of the Southern Ohio Correctional Facility ("SOCF") to render him treatment for a medical condition. The case was referred to a magistrate to conduct appropriate proceedings.
 {¶ 2} The magistrate reviewed the file and noted that Mr. Spurlock had not complied with R.C. 2969.25 in that Mr. Spurlock filed a legitimate affidavit of indigency, *Page 2 
had not filed an affidavit which contained a description of post civil actions, and had not filed a statement setting forth the balance of his inmate account. Therefore, the magistrate prepared a written magistrate's decision and recommended that this case be dismissed. (Attached as Appendix A.)
 {¶ 3} Mr. Spurlock has not filed objections to the magistrate's decision. No error of law or fact is present on the face of the magistrate's decision. We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision and dismiss this case.
Case dismissed.
 BRYANT and BROWN, JJ., concur. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON MOTION TO DISMISS. {¶ 4} In this original action, relator, Daniel Spurlock, an inmate of the Southern Ohio Correctional Facility ("SOCF"), requests that a writ of mandamus issue against three SOCF employees. *Page 4 
Findings of Fact: {¶ 5} 1. On December 27, 2006, relator filed this original action against three SOCF employees.
 {¶ 6} 2. Respondent Dr. M. Sevrey is employed by the Ohio Department of Rehabilitation and Correction ("ODRC") as the SOCF institutional physician.
 {¶ 7} 3. Respondent Gay Adkins is employed by ODRC as the SOCF health care administrator.
 {¶ 8} 4. Respondent Ms. Stoniker is employed by ODRC as an SOCF nurse.
 {¶ 9} 5. According to the complaint, relator has been "urinating blood" since November 5, 2006. According to the complaint, relator has informed respondents of this problem since November 5, 2006.
 {¶ 10} 6. According to the complaint, respondents have refused to treat relator for his medical problem.
 {¶ 11} 7. For relief in this action, relator asks this court to issue a writ of mandamus that compels respondents to forfeit their respective licenses.
 {¶ 12} 8. Relator has not paid the filing fees required for the filing of an original action. See Loc.R. 12(B).
 {¶ 13} 9. At the time of the filing of his complaint, relator filed a document captioned "Affidavit of Indigency." However, this document is not in actuality an affidavit. The document is not notarized by a notary public or other officer authorized to perform a notarial act. See R.C.147.51. *Page 5 
 {¶ 14} 10. Relator failed to file an R.C. 2969.25(A) affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years.
 {¶ 15} 11. Relator has failed to file a statement setting forth the balance of his inmate account for each of the preceding six months, as certified by the institutional cashier.
 {¶ 16} 12. Relator has not filed an affidavit stating that a grievance was filed and the date on which he received the institutional decision regarding the grievance.
 {¶ 17} 13. On February 8, 2007, respondents filed a motion to dismiss this action.
 {¶ 18} 14. Relator has not responded to the motion to dismiss.
Conclusions of Law: {¶ 19} It is the magistrate's decision that this court grant respondents' motion to dismiss.
 {¶ 20} R.C. 2969.25(A) requires that an inmate who commences a civil action against a governmental entity or employee shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years.
 {¶ 21} R.C. 2969.25(C) requires that an inmate who seeks a waiver of the prepayment of the full filing fees shall file with the complaint an affidavit of waiver and indigency. The affidavit shall contain a statement setting forth the balance of the inmate account for each of the preceding six months, as certified by the institutional cashier. *Page 6 
The affidavit shall also contain a statement that sets forth all other cash and things of value owned by the inmate.
 {¶ 22} Under R.C. 2969.26, if the action filed by the inmate is subject to the grievance system of the state correctional institution at which the inmate is confined, the inmate shall file an affidavit stating that a grievance was filed and the date on which the inmate received the decision regarding the grievance. The inmate shall also file a copy of the decision regarding the grievance from the grievance system.
 {¶ 23} Relator has failed to comply with the requirements of R.C.2969.25(A) and (C) and 2969.26. Compliance with those provisions is mandatory and the failure to satisfy those statutory requirements is grounds for dismissal. State ex rel. Washington v. Ohio Adult ParoleAuth. (1999), 87 Ohio St.3d 258; State ex rel. Zanders v. Ohio ParoleBd. (1998), 82 Ohio St.3d 421; and State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285.
 {¶ 24} Accordingly, it is the magistrate's decision that this court grant respondents' motion to dismiss. *Page 1