CONCORD HEALTH CARE, INC., d.b.a. Briarfield of Cortland, Appellant,

v.

SCHROEDER, Appellee.

[Cite as *Concord Health Care, Inc. v. Schroeder,* 177 Ohio App.3d 228, 2008-Ohio-3392.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2007–T–0109.

Decided July 3, 2008.

**230**

Manchester, Bennett, Powers & Ullman, and Martha L. Bushey, for appellant.
DelBene, LaPolla & Thomas, and Daniel P. Thomas, for appellee.

---

TIMOTHY P. CANNON, Judge.

{¶ 1} Appellant, Concord Health Care, Inc., d.b.a. Briarfield of Cortland ("Concord"), appeals the judgment of the Trumbull County Court of Common Pleas granting appellee's motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 2} Appellee, Charlene A. Schroeder, was attorney-in-fact for Lucy A. Bonaquist. In September 2003, Schroeder entered into a financial agreement with Concord for Bonaquist's long-term care, an agreement under which Schroeder agreed to pay Concord the amount of $1,600 per month for the care of Bonaquist—the combined amount that Bonaquist was receiving from a pension and Social Security. Schroeder failed to make timely payments on behalf of Bonaquist. In March 2004, Schroeder signed, as Bonaquist's attorney-in-fact, a promissory note for the amount due on Concord's account for services rendered to Bonaquist. Despite numerous attempts by Concord, Schroeder did not tender the amount due on the account.

{¶ 3} A complaint was filed by Concord against Schroeder on July 17, 2006. Count one of the complaint alleged that Schroeder, as the attorney-in-fact of Bonaquist, "failed to fulfill her obligation to Bonaquist by either misappropriating the monthly funds intended for [Concord] or by allowing an unauthorized person to misappropriate the funds." Count two of the complaint referred to the promissory note executed by Schroeder and alleged that she had "materially breached the terms of the contract with [Concord] by failing to submit payment to [Concord] for said services of Ms. Bonaquist" and that she had "breached her

fiduciary obligations as attorney-in-fact for Ms. Bonaquist by failing to pay for the care and services provided by [Concord] to Ms. Bonaquist."

{¶ 4} Schroeder filed her answer to the complaint on September 16, 2006, admitting that she was the attorney-in-fact for Bonaquist and that she had executed certain documents as Bonaquist's attorney-in-fact. Schroeder, however, denied personal liability for the amount owed to Concord because she had executed the promissory note in the capacity of Bonaquist's attorney-in-fact.

{¶ 5} On January 17, 2007, Schroeder filed a motion to dismiss Concord's complaint as a result of her Chapter 7 bankruptcy discharge. Concord, on March 2, 2007, filed a response to Schroeder's motion to dismiss, arguing that Concord's claim was not discharged as a result of the bankruptcy proceeding because (1) Schroeder failed to list the debt of Concord and to allow Concord an opportunity to make a claim in the bankruptcy court and (2) the debt was incurred by Schroeder's fraudulent activity. Thereafter, the trial court issued a judgment entry interpreting Schroeder's January 17, 2007 motion as a "motion to dismiss pursuant to Civ.R. 12(B)(6)." In its entry, the trial court determined that relief could not be granted based on the causes of action asserted by Concord in its complaint and, therefore, the complaint was dismissed.

{¶ 6} Concord timely appealed the trial court's judgment entry, raising the following assignment of error:

{¶ 7} "The trial court erred in dismissing the case."

{¶ 8} Concord asserts that the trial court erred when it granted Schroeder's motion to dismiss based on Civ.R. 12(B)(6), because such a motion was not pending before the court. We agree.

{¶ 9} An appellate court will review a judgment involving a Civ.R. 12(B)(6) motion to dismiss de novo. *Goss v. Kmart Corp.,* 11th Dist. No. 2006–T–0117, 2007-Ohio-3200, 2007 WL 1810523, at ¶ 17. Generally, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In conducting a de novo review, this court must accept all factual allegations in the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. *Byg v. Lynch,* 5th Dist. Nos. 03CA45 and 03CA48, 2003-Ohio-7290, at ¶ 25, citing *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584.

{¶ 10} " '(A)s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' *York [v. Ohio State Hwy. Patrol* (1991) ], 60 Ohio St.3d [143, 145], 573 N.E.2d 1063. Accordingly, '(t)his court must analyze

whether or not there is a set of facts which would allow (the plaintiff) to recover.' *Sinoff v. Ohio Permanente Med Group, Inc.*, 146 Ohio App.3d 732, 2001-Ohio-4186, 767 N.E.2d 1251, at ¶ 20." *Goss*, 2007-Ohio-3200, 2007 WL 1810523, at ¶ 20.

{¶ 11} Generally, a trial court may not dismiss a complaint pursuant to Civ.R. 12(B)(6) sua sponte without first giving the parties notice of the court's intention to dismiss on this basis and an opportunity to be heard. *McMullian v. Borean*, 6th Dist. No. OT–05–017, 2006-Ohio-861, 2006 WL 456771, at ¶ 15. "A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants. * * * It places the court in the role of a proponent rather than an independent entity. * * * Sua sponte dismissals also prejudice appellants as they deny any opportunity to respond to the alleged insufficiencies. * * *." Id. at ¶ 16. Sua sponte dismissal without notice is appropriate, however, when the complaint is either frivolous or the plaintiff cannot prevail on the facts as stated in the complaint. *MBNA Am. Bank v. Canfora*, 9th Dist. No. 23588, 2007-Ohio-4137, 2007 WL 2318095, at ¶ 7, citing *Dunn v. Marthers*, 9th Dist. No. 05CA008838, 2006-Ohio-4923, 2006 WL 2714682, at ¶ 11.

{¶ 12} Initially, we must note that although the trial court stated in its entry that Schroeder had filed a motion to dismiss pursuant to Civ.R. 12(B)(6), it appears from the docket that no such motion was ever pending before the trial court. Schroeder's motion to dismiss the complaint was based solely on her Chapter 7 bankruptcy discharge. Thus, Concord's response to the motion to dismiss refuted those allegations by attaching a list of the creditors having secured and unsecured priority claims, a list that that did not include Concord. Further, Concord argued that its debt was nondischargeable, because "any debt incurred by fraudulent means cannot be discharged in a bankruptcy proceeding." Because a motion to dismiss pursuant to Civ.R. 12(B)(6) was not pending before the trial court, we must determine whether it acted properly in dismissing Concord's complaint sua sponte.

{¶ 13} Because the record is void of any evidence that would indicate that the parties received notice of the trial court's intent to dismiss the action based on Civ.R. 12(B)(6), we must ascertain whether Concord's complaint is frivolous or whether it cannot prevail on the alleged facts.

{¶ 14} With respect to count one, the trial court determined that Concord could not impose personal liability on Schroeder based upon her relationship as attorney-in-fact for Bonaquist. However, before the trial court's sua sponte dismissal of the complaint, Concord should have been given an opportunity to demonstrate how the duty to Bonaquist may have extended to it as a third party to the relationship. See, e.g., *Aristocrat Lakewood Nursing Home v. Mayne* (1999), 133 Ohio App.3d 651, 674, 729 N.E.2d 768.

{¶ 15} Then, in dismissing count two of Concord's complaint, the trial court relied upon R.C. 1337.092(A), determining that since Schroeder signed the promissory note as Bonaquist's attorney-in-fact, she was not personally liable on the contract. However, it is important to recognize that Concord's complaint alleged that Schroeder "misappropriated [Bonaquist's] monthly funds" or "allow[ed] an unauthorized person to misappropriate the funds." Even though one signs a promissory note as attorney-in-fact, they may still be personally liable for the debt under R.C. 1337.092(B)(1) through (5). Further, the trial court failed to address the allegation by Concord that Schroeder was misappropriating funds.

{¶ 16} Consequently, after construing the allegations of Concord's complaint most strongly in its favor, the trial court erred in sua sponte dismissing the claims without notice, since they are not frivolous, nor does it appear that Concord cannot prevail on the facts alleged.

{¶ 17} Concord's assignment of error is sustained, and this matter is reversed and remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

RICE and TRAPP, JJ., concur.