OPINION *Page 2 
¶ {1} Plaintiffs-appellants John Doyle and Kathleen Golubric appeal the decision of County Court No. 5, which granted the motion to dismiss for lack of jurisdiction filed by defendants-appellees Susan and Steven Morgan. The issue before this court is whether an Ohio trial court has jurisdiction in a civil action for the recovery of the following two types of personalty that previously belonged to the parties' decedent: (1) items distributed in Florida probate case where such items were not thereafter transported to the intended recipients as agreed; and (2) items that were inadvertently omitted from the probate distribution and are allegedly being withheld from the estate's personal representative.
¶ {2} As to the first category of items, we hold that the trial court erred in finding a lack of jurisdiction as these items lost their status as estate assets upon the agreed upon distribution and closing of the estate. As to the second category of items, we hold that the trial court properly dismissed for lack of jurisdiction as only the Florida probate court has jurisdiction over these items that were mistakenly omitted from the estate. For the following reasons, the trial court's dismissal is affirmed in part and reversed and remanded in part.
 STATEMENT OF THE CASE ¶ {3} Robert Doyle died a resident of Florida in January 2007. He bequeathed his estate in equal shares to his four children: John Doyle of Kent, Ohio; Kathleen Golubric of Canfield, Ohio; Linda Heckler of Pennsylvania; and Susan Morgan of Warren, Ohio. John Doyle acted as the estate's personal representative in the Florida probate court. On June 29, 2007, Susan Morgan signed a distribution list evidencing her agreement with the division of the decedent's personalty as proposed therein.
¶ {4} On July 13, 2007, John Doyle filed a petition for discharge in the Florida probate court stating that he had fully administered the estate and that he made or proposed to make distribution of the assets as reflected in an attached plan of distribution, which provided that each beneficiary would receive a fourth of the "exempt *Page 3 
property." Objections were permitted within thirty days. Notably, Susan Morgan did not object and she had already signed the agreed distribution of property. On November 6, 2007, the Florida probate court found that the estate had been fully administered and properly distributed, and the court discharged the personal representative.
¶ {5} In January 2008, John Doyle and Kathleen Golubric (collectively appellants) filed a breach of contract, replevin and conversion action in the Mahoning County Court in Canfield, Ohio against their sister Susan Morgan and her husband Steven Morgan. The aforementioned distribution agreement was attached.
¶ {6} The complaint explained that the four siblings agreed that the Morgans would rent a truck, pick up the items that had been apportioned by the distribution list and deliver them to the proper sibling. The Morgans were to be monetarily compensated for this service with half the money to be paid in Florida and the other half to be paid upon delivery of the items.
¶ {7} According to the complaint, the Morgans then demanded additional compensation in breach of the delivery agreement. Moreover, Susan Morgan arrived at Kathleen Golubric's house on July 14, 2007 demanding compensation but failing to deliver Kathleen's items. It is alleged that Susan then removed from the truck certain items to which appellants were entitled pursuant to the distribution list.
¶ {8} The complaint continues that on July 15, 2007, Susan went to appellants' respective residences to deliver their items but failed to produce every item distributed. The exhibits show that the items distributed by the list but never delivered include two pots and Lenox china that Kathleen was to receive, flatware and a cow bell that John was to receive, reams of paper that each sibling was to receive, and a rectangular heirloom rug that either John or Kathleen was to receive.
¶ {9} The complaint then revealed that some items of personalty belonging to the decedent were inadvertently not included in the distribution list and alleged that, as the personal representative, John Doyle has the right to distribute these omitted items as he deems proper. As can be discerned by the exhibits to the complaint, the items omitted from the distribution list include a gold coin on a gold chain and photographs. *Page 4 
 ¶ {10} On April 3, 2008, the Morgans filed an answer and a motion to dismiss. Their answer denies that John had the right to distribute the omitted items as he saw fit, denies that they possessed any estate assets which were not distributed to them, and denies all other allegations except the fact that John Doyle was the personal representative in Robert Doyle's Florida probate case. The answer also notes that the probate case included a finding that the estate was fully administered and that all property was distributed.
¶ {11} Their motion to dismiss alleges a lack of venue and a lack of jurisdiction. As to jurisdiction, the motion notes that John Doyle's rights as personal representative were derived from the Florida probate court and that the items described in the complaint constitute estate assets which must be addressed by the Florida court, which has exclusive jurisdiction if there is a dispute as to distribution.
¶ {12} Appellants responded that since the answer stated that the Florida court made a finding that the estate had been fully administered and that all property had been distributed, the motion to dismiss cannot now argue that the items are still assets of the estate. Appellants concluded that the items of personalty belong to them, are no longer estate assets and thus are no longer subject to the exclusive jurisdiction of the Florida probate court.
¶ {13} On April 25, 2008, the court dismissed for lack of jurisdiction, finding that the Florida probate court has jurisdiction as the matter is a dispute over the distribution of personal property from a Florida estate. The court did not rule on the venue issue. Appellants filed timely notice of appeal.
 ASSIGNMENTS OF ERROR ¶ {14} Appellants set forth the following two assignments of error:
¶ {15} "THE LOWER COURT ERRED AS A MATTER OF LAW BY GRANTING THE DEFENDANT-APPELLEES' MOTION TO DISMISS ON JURISDICTIONAL GROUNDS WHEN THE COURT HAD BEFORE IT AN ADMISSION BY THE DEFENDANT-APPELLEES OF AN IMPORTANT AND RELEVANT FACT WHICH OPERATED TO VEST THE LOWER COURT WITH JURISDICTION."
¶ {16} "THE LOWER COURT ERRED AS A MATTER OF LAW BY GRANTING THE DEFENDANT-APPELLEES' MOTION TO DISMISS ON JURISDICITONAL *Page 5 
GROUNDS WHEN THE PLAINTIFF-APPELLANTS ESTABLISHED WITH CLEAR AND CONVINCING EVIDENCE THAT THE LOWER COURT DID HAVE JURISDICTION."
¶ {17} Appellants claim the Florida court lacks jurisdiction because the estate was terminated after that court found the estate had been fully administered and all personalty had been distributed. They read appellees' answer as an admission that the estate had in fact been fully administered and that all personal property had in fact been distributed. Actually, appellees' answer merely notes what the Florida probate court found based upon John Doyle's petition for discharge. This petition and the Florida court's order were jointly admitted at the hearing.
¶ {18} In any event, appellants contend that since the personalty had been distributed out of the estate, the estate and the Florida probate court have no say in the current dispute because the estate property has turned into the personal property of the beneficiaries. In other words, appellants generally claim that where an estate is closed, any property belonging to the estate becomes that of the heirs and is subject to recovery in regular suits between the heirs and those with possession.
¶ {19} Appellees respond that if the order of discharge says that the estate has been fully administered and that the personalty has been fully distributed, but it turns out that full distribution did not occur, then the estate must be reopened in the Florida probate court. Appellees urge that there is nothing to support the claims of nondelivery as no evidence was produced at trial. However, this argument has no place at this stage of the proceedings as a party need not provide evidence to support its claims merely to avoid dismissal on a jurisdictional issue.
 ANALYSIS ¶ {20} As aforementioned, there are two types of personalty at issue here: (1) items listed on a distribution agreement; and (2) items that were inadvertently omitted from the distribution agreement. The parties have fused both types of property into the same analysis. However, a different analysis is applicable to each category.
¶ {21} The standard of review for a motion to dismiss for lack of subject-matter jurisdiction under Civ. R. 12(B)(1) is whether the complaint raises any cause of action cognizable by the forum. State exrel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. *Page 6 
See, also, Southgate Dev. Corp. v. Columbia Gas Transmission Corp.
(1976), 48 Ohio St.2d 211, 214 (not confined to complaint to determine subject matter jurisdiction).[1]
 ¶ {22} Here, the complaint raises a cause of action cognizable by the forum. That is, the complaint sufficiently raises an allegation that the non-delivered items on the distribution list were appellants' personal property at the time of appellees' allegedly improper non-delivery and retention of such property.
¶ {23} A distribution agreement was accepted and signed by Susan Morgan as one of the four beneficiaries in June 2007, prior to her transportation of the items. She and her husband took possession of such distributed personalty under another agreement calling for her to drive and deliver such personalty from Florida to Ohio and Pennsylvania. If she failed to deliver the items, a lawsuit in Ohio for such alleged improper retention is not prohibited as the assets can be considered to have been turned from estate assets to the personalty of the beneficiaries.
¶ {24} By way of example, each beneficiary here was provided $100,000 as a partial distribution prior to the final distribution. If Susan entrusted her $100,000 partial distribution to Brinks for transport to Ohio and said transporter brought her money to Ohio for delivery to her but retained some of it, she would not complain to the probate court merely because the estate is not yet closed or merely because the money was previously an estate asset. Rather, she would be required to file suit in the appropriate local trial court.
¶ {25} Contrary to appellees' argument, it is not dispositive that the distribution agreement signed by Susan Morgan may not have been filed in the probate court. She signed an agreement acknowledging that she would specifically receive certain items constituting her quarter share. Only after this signing of the agreement did the personal representative file his proposed distribution in probate court, which attested that each beneficiary received $1,000 worth of property. No one objected to this statement as permitted by the terms of the filing. The probate court thereafter found *Page 7 
that distribution occurred as attested and closed the estate. The items actually distributed pursuant to the agreement of the beneficiaries ceased being estate property due to this combination of events.
¶ {26} However, the analysis changes as to the items omitted from the distribution list: a gold coin on a gold chain and photographs. First, we discuss the fact that the complaint alleges that John Doyle is entitled to receive these items and distribute them as he sees fit because he is the personal representative of the estate. Yet, any interest in these items as personal representative was derived from the Florida probate court case, which has been terminated. He has not been requalified or reappointed to speak on behalf of the estate.
¶ {27} Second, it is the probate court with the exclusive jurisdiction to settle the estate of a decedent. See Fla. Statute 26.012 (2)(b) (exclusive original jurisdiction of proceedings relating to the settlement of estates of decedents and other jurisdiction usually pertaining to courts of probate). See, also, O.R.C. 2101.24(A)(1)(c) (probate court's exclusive jurisdiction to distribute estate assets). The Florida probate court first exercised its jurisdiction regarding the decedent's estate but has never been informed of these omitted assets. It is undisputed from the uncontested distribution list that the personalty distributed under the authority of the Florida court did not include the gold chain/coin and these remaining photographs.
¶ {28} Where there is a dispute as to the proper distribution of omitted assets, it is the original probate court that should handle the matter. The following statutes provide further support for this holding:
¶ {29} "The final settlement of an estate and the discharge of the personal representative shall not prevent further administration." Fla. Statute 733.903.
¶ {30} "If, after an estate is closed, additional property of the decedent is discovered or if further administration of the estate is required for any other reason, any interested person may file a petition for further administration of the estate. The petition shall be filed in the same probate file as the original administration." Fla. Prob.R. 5.460.
¶ {31} As the probate court who first obtained jurisdiction over the assets has not yet distributed these assets due to a mistake of the personal representative, we *Page 8 
must conclude that the Ohio county court cannot grant to said personal representative the right to obtain estate assets that were omitted from the estate and never distributed.
¶ {32} For the foregoing reasons, the judgment of the trial court is hereby affirmed in part, reversed in part and remanded. Specifically, we uphold the dismissal as to the items omitted from the distribution list. Yet, we reverse the dismissal as to the items contained on the distribution agreement but allegedly retained by the Morgans and we remand for further proceedings.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] In reviewing a motion to dismiss for failure to state a claim, it is well-established that we accept all factual allegations of the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60. It has been stated, in a case cited by the Supreme Court in Bush, that a similar principle applies when reviewing a case for lack of jurisdiction. See Steffen v. Gen. Telephone Co. (1978),60 Ohio App.2d 144, 146. *Page 1