[Cite as *McKinney v. Noble Corr. Inst.*, 2011-Ohio-3174.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

LAMONT McKINNEY,                           )
                                           )    CASE NO. 10 NO 370
         PLAINTIFF-APPELLANT,              )
                                           )
         - VS -                            )          OPINION
                                           )
NOBLE CORRECTIONAL INSTITUTION,)
                                           )
         DEFENDANT-APPELLEE .              )


CHARACTER OF PROCEEDINGS:          Civil Appeal from Common
                                   Pleas Court, Case No. 210-0005


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellant:           Lamont McKinney, Pro-se
                                   #A 606-776
                                   Chillicothe Correctional Institution
                                   P.O. Box 5500
                                   Chillicothe, OH  45601


For Defendant-Appellee:            No Brief Filed.


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich


                                   Dated:  June 13, 2011

DeGenaro, J.

**{¶1}** Pro-se Plaintiff-Appellant, Lamont McKinney, appeals the January 12, 2010 judgment of the Noble County Court of Common Pleas sua sponte dismissing his complaint against Defendant-Appellee, Noble Correctional Institution (NCI). On appeal McKinney contends the court erroneously concluded McKinney asserted no cause of action over which the court had jurisdiction.

**{¶2}** Upon review, McKinney's assignment of error is meritless. McKinney's complaint challenged the actions of officials at NCI, the prison where he was incarcerated, and he failed to exhaust his administrative remedies pursuant to R.C. 2969.26(A) before instituting this lawsuit. As such, the trial court properly dismissed his complaint, and the judgment of the trial court is affirmed.

### Facts and Procedural History

**{¶3}** McKinney is currently incarcerated at Chillicothe Correctional Institution but was incarcerated at NCI at the time of the alleged incident. On January 11, 2010, McKinney filed a complaint against NCI in the Noble County Court of Common Pleas. He listed "failure to investigate" as his sole cause of action. He requested the following relief: "(A) an order, ordering the Defendant to fully investigate the action at hand, (B) to award proper as deemed fit, compensation for Damages, undue distress, and/or deprival of rights, and violation of due process."

**{¶4}** In support of his complaint, McKinney attached a document entitled "Memorandum in Support," which is nothing more than McKinney's sworn affidavit. McKinney averred that on October 2, 2009, he was assaulted by another inmate. That same day, he and the other inmate were escorted to "segregation" without handcuffs. McKinney remained in segregation until October 9, 2009; and the second inmate remained there until October 19, 2009. McKinney asked for, but was denied, medical treatment on October 2, 7, 8, 21, and 30, 2009. Finally, McKinney listed five times during October 2009 where he was moved from segregation to the general population. He listed only one time where the other inmate had been moved.

{¶5} On January 12, 2010, the day after McKinney filed his complaint, the trial court sua sponte dismissed it in a journal entry stating in its entirety:

{¶6} "The Court, having reviewed the pleadings in a light most favorable to the Plaintiff, finds that no cause of action had been alleged by Plaintiff over which this court would have jurisdiction. This matter is dismissed. Costs assessed to Plaintiff."

{¶7} McKinney timely appealed to this Court. However, he attached exhibits to his Appellant's Brief which are not contained in the trial court record, and will not be considered on appeal. See *Gray v. Totterdale Bros. Supply Co.*, Inc., 7th Dist. No. 07 BE 11, 2007-Ohio-4992, at ¶7.

### Dismissal of the Complaint

{¶8} In his sole assignment of error, McKinney asserts:

{¶9} "The trial court abused their [sic] discretion by dismissal of the complaint filed because the Noble County Common Pleas [sic] had proper authority, jurisdiction and duty to accept the complaint."

{¶10} The standard of review for a dismissal for lack of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1), is whether any cause of action cognizable by the forum has been raised in the complaint. *State ex rel. Bush v. Spurlo*ck (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641, 644; *Doyle v. Morgan*, 7th Dist. No. 08 MA 113, 2009-Ohio-795, at ¶21. An appellate court applies a de novo standard of review to such a dismissal. *Green v. Ohio Lottery Comm.*, 7th Dist. No. 09 MA 48, 2009-Ohio-6403, at ¶7.

{¶11} Pursuant to R.C. 2969.26(A), if an inmate commences a civil action or appeal against a governmental entity or employee, and if the inmate's claim is subject to the grievance procedure system, the inmate must file: (1) an affidavit stating the grievance was filed, along with the date on which the decision regarding the grievance was received; and (2) a copy of any written decision received regarding the grievance from the grievance system.

{¶12} Ohio Adm.Code 5120-9-31 explains the inmate grievance procedure in more detail and states in pertinent part:

{¶13} "The department of rehabilitation and correction shall provide inmates with

access to an inmate grievance procedure. This procedure is designed to address inmate complaints *related to any aspect of institutional life* that directly and personally affects the grievant. This may include complaints regarding policies, procedures, conditions of confinement, or the actions of institutional staff." (Emphasis added.) Ohio Adm.Code 5120-9-31(A). Further, subpart (K) provides that the grievance process must be commenced by the inmate within fourteen (14) days of the incident, but does vest officials with the discretion to waive the time limits if good cause is shown.

{¶14} "Compliance with R.C. 2969.26 is mandatory and the failure to satisfy this statutory requirement is grounds for dismissal." *Semenchuk v. Ohio Dept. of Rehab. & Corr*, 10th Dist. No. 10AP-19, 2010-Ohio-5551, at ¶28, citing, *State ex rel. Spurlock v. Sevrey*, 10th Dist. No. 06AP-1291, 2007-Ohio-3550; and *Hamilton v. Wilkinson*, 10th Dist. No. 04AP-502, 2004-Ohio-6982.

{¶15} McKinney failed to comply with R.C. 2929.26. The claim he raised in his complaint is subject to the inmate grievance procedure system. See Ohio Adm.Code 5120-9-31(A). In the affidavit he attached to his complaint, McKinney only describes the facts surrounding his claim. He does not aver that a grievance was filed, or provide, the date he received a decision regarding a grievance. McKinney also failed to attach a copy of any written decision regarding a grievance. Thus, there is no evidence in the record that a grievance was ever filed.

{¶16} Finally, the trial court properly dismissed McKinney's complaint sua sponte. McKinney filed his complaint with the trial court over three months after the incident. Ohio Adm.Code 5120-9-31(K) provides that the grievance process must be commenced within fourteen (14) days of the incident. The record before the trial court is that neither a grievance was filed nor that a waiver was granted. Compliance with R.C. 2969.26 is mandatory. McKinney failed to file the requisite affidavit, nor can he, because he is beyond the time limits to file a grievance set forth in Ohio Adm.Code 5120-9-31(K), which is a prerequisite to filing in common pleas court. A trial court may dismiss an action sua sponte without notice when the complaint is either frivolous or the plaintiff cannot prevail on the facts as stated in the complaint. *Concord Health Care Inc. v. Schroeder*, 177 Ohio

App.3d 228, 2008-Ohio-3392, 894 N.E.2d 351, at ¶11, citing *MBNA Am. Bank v. Canfora*, 9th Dist. No. 23588, 2007-Ohio-4137, at ¶7, citing *Dunn v. Marthers*, 9th Dist. No. 05CA008838, 2006-Ohio-4923, at ¶11.

{¶17} Further to the extent that McKinney alleges a section 1983 violation in his complaint, 42 U.S.C. 1997(c) permits sua sponte dismissal pursuant to subpart (a), which provides:

{¶18} "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. Code 1997(a).

{¶19} Accordingly, McKinney's sole assignment of error is meritless and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.