[Cite as *State ex rel. Spencer v. Bobby*, 2012-Ohio-5615.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | ) | |
| TORONTO SPENCER, | ) | CASE NO. 12 MA 147 |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| DAVID BOBBY, WARDEN, | ) | JUDGMENT ENTRY |
| | ) | |
| RESPONDENT. | ) | |


CHARACTER OF PROCEEDINGS:    Petition for Writ of Mandamus


JUDGMENT:    Petition Dismissed.


APPEARANCES:
For Petitioner:    Toronto Spencer, Pro-se
#523-551
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, OH 44505

For Respondent:    Michael DeWine
Ohio Attorney General
David A. Lockshaw, Jr.
Asst. Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, OH 43215


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  November 16, 2012

PER CURIAM.

**{¶1}** Relator Toronto Spencer, proceeding pro-se, has filed a petition asking for a writ of mandamus compelling respondent David Bobby, warden of the Ohio State Penitentiary in Youngstown, Ohio, to comply with an Ohio Department of Rehabilitations and Corrections (ODRC) policy concerning the handling and disposal of infectious waste.

**{¶2}** The warden has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim in this matter. "[A] court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶9. Because the petition fails to comply with procedural mandates in R.C. 2929.25 and R.C. 2929.26, we grant the warden's motion to dismiss.

**{¶3}** R.C. 2969.25(C) requires an affidavit of indigency be filed when the petition seeks waiver of the prepayment of fees. This affidavit must set forth the balance in the inmate's account for each of the past six months, certified by the institutional cashier, and must set forth all other cash and things of value owned by the inmate. This requirement is mandatory for proper filing of the action in cases where filing fees are not prepaid. *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285, 286, 685 N.E.2d 1242 (1997). Here, the filing fees were not prepaid.

{¶4} Spencer did file an affidavit of indigency requesting waiver of prepayment of costs due to lack of necessary funds. Therein, he also averred that he owned no real property or assets of any value. However, the cashier's statement he attached is technically deficient. It does set forth his current inmate account balance, total amount of payroll credited to the account for the preceding six months, average payroll amount for the preceding six months, total receipts credited to the account for the preceding six months, and total expenditures for all transactions from the account for the preceding six months. However, it fails to "[set] forth the balance in the inmate account of the inmate for *each* of the preceding six months." (Emphasis added.) R.C. 2969.25(C)(1). Dismissal on this ground is warranted. *See State ex rel. Muhammad v. State*, 10th Dist. No. 11AP-892, 2012-Ohio-2220, ¶5 (concluding that dismissal was warranted where the cashier's statement was similarly deficient); *see also State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶5 (affirming dismissal where relator's cashier's statement did not set forth the account balance for the month immediately preceding his mandamus complaint.)

{¶5} Moreover, Spencer has failed to comply with R.C. 2969.26(A), which provides:

> If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:
>
> (1) An affidavit stating that the grievance was filed and the date on

which the inmate received the decision regarding the grievance.

(2) A copy of any written decision regarding the grievance from the grievance system.

**{¶6}** Here Spencer filed an affidavit claiming he has exhausted his administrative remedies; however, the affidavit fails to state the date the grievance was filed or the date he received the decision regarding the grievance. Moreover, Spencer failed to attach a copy of the written grievance decision. Dismissal of the petition on this ground is also warranted. *See McKinney v. Noble Corr. Inst.* 7th Dist. No. 10 NO 370, 2011-Ohio-3174, ¶14-15 (noting that R.C. 2969.26 is mandatory and the failure to satisfy this statutory requirement is grounds for dismissal).

**{¶7}** Accordingly, the warden's motion to dismiss is granted. Spencer's request for a writ of mandamus is denied. Petition dismissed.

**{¶8}** Costs taxed against Spencer. Final order. Clerk to serve notice as provided by the Civil Rules.

DeGenaro, J., concurs.
Donofrio, J., concurs.
Vukovich, J., concurs.