[Cite as *Miller v. JMC Steel Group*, 2013-Ohio-3979.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DAVID MILLER, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2013-T-0025** |
| JMC STEEL GROUP d.b.a. WHEATLAND TUBE, | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2011 CV 00962.

Judgment: Affirmed in part; reversed in part and remanded.

*Raymond J. Masek*, 183 West Market Street, Suite #300, Warren, OH 44481-1022 (For Plaintiffs-Appellants).

*Charles Billington* and *John Gerak*, Ogletree, Deakins, Nash, Smoak & Steward, P.C., 127 Public Square, 4130 Key Tower, Cleveland, OH 44114-1724 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.

{¶1} This appeal is from upon a final judgment of the Trumbull County Court of Common Pleas. Following appellee JMC Steel Group's ("JMC") *partial* motion to dismiss a second amended complaint, the trial court dismissed the second amended complaint in its *entirety*. Plaintiff-appellants, David and Connie Miller, timely appealed.[1]

---

1. Although David Miller's wife was on the notice of appeal, she and her husband advance no argument on appeal that affect her interests in the case. Therefore, the court will focus its analysis on David Miller.

For the reasons stated below, we affirm the decision to dismiss Counts 1, 2, and 4 of the complaint, but reverse the decision to dismiss Count 3.

{¶2} On March 4, 2011, JMC dismissed Miller from his job. Miller alleges JMC fired him from his job as a form of age discrimination while JMC claims the firing resulted from Miller's alleged safety infraction. On May 6, 2011, Miller filed suit against JMC and later amended his complaint on May 27, 2011. Later in August of 2011, Miller asked for leave to file a second amended complaint, which the trial court granted on August 18, 2011. In the second amended complaint, Miller alleged that JMC's conduct gave rise to the following four counts: (1) age discrimination, (2) breach of public policy, (3) breach of implied contract, and (4) his wife's loss of consortium. A year later, JMC filed a partial motion to dismiss the second amended complaint requesting only that Counts 1, 2, and 4 be dismissed pursuant to Civ.R. 12(B)(6).

{¶3} Miller alleges the following assignment of error:

{¶4} "The trial court committed prejudicial error in dismissing appellant's complaint in its entirety as distinctly stated in its judgment entry when the remaining matter pending before the court was appellee's partial motion to dismiss as fully briefed by the parties and which excludes Count 3."

{¶5} An appellate court will review a judgment involving a Civ.R. 12(B)(6) motion to dismiss de novo. *Concord Health Care, Inc. v. Schroeder*, 177 Ohio App.3d 228, 2008-Ohio-3392, 894 N.E.2d 351, ¶9 (11th Dist.). Generally, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992) (Citation omitted.). When evaluating the motion to dismiss, this court must accept all allegations in the complaint

as true and draw all reasonable inferences in the non-moving party's favor. *Concord Health, supra*.

{¶6} The dismissal of the breach of implied contract claim was improper. Civ.R. 7(B)(1) provides in relevant part that "[a] motion, whether written or oral, shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Some members of the Ohio Supreme Court have linked the particularity requirement of Civ.R. 7(B)(1) as a central component to the notice requirement mandated by due process. *State v. Mateo*, 57 Ohio St.3d 50, 55, 565 N.E.2d 590 (1991) (Wright, J. concurring in part and dissenting in part). Further, Civ.R. 7 is substantially similar to the Fed.R.Civ.P. 7, which treats the particularity requirement not as a matter of form, but as "real and substantial." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 114, 526 N.E.2d 798 (1988) (quoting *Steingut v. National City Bank of New York*, 36 F. Supp. 486, 487 (E.D.N.Y. 1941)).

{¶7} Here, JMC agrees with Miller that JMC did not ask for the breach of implied contract claim to be dismissed. Because JMC's motion to dismiss neither requested nor advanced any particular grounds for dismissing Count 3, Miller was not put on notice of the need to refute the dismissal of that claim. Neither party challenges the dismissal of the other claims in the second amended complaint.

{¶8} Accordingly, the trial court's dismissal of Counts 1, 2, and 4 is affirmed. The trial court order dismissing Count 3 is reversed and the matter is remanded for further proceedings.


TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3