[Cite as *State ex rel. Ames v. Portage Cty. Republican Central-Executive Commt.*, 2019-Ohio-74.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>BRIAN M. AMES, | : | **O P I N I O N** |
| | : | |
| Relator-Appellant, | : | |
| | : | **CASE NO. 2018-P-0001** |
| - vs - | : | |
| PORTAGE COUNTY REPUBLICAN<br>CENTRAL-EXECUTIVE COMMITTEE, | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2017 CV 00380.

Judgment: Reversed and remanded.

*Brian M. Ames*, pro se, 2632 Ranfield Road, Mogadore, OH  44260 (Relator-Appellant).

*Nancy C. Schuster*, Schuster & Simmons Co., L.P.A., Bevelin House, 2913 Clinton Avenue, Cleveland, OH  44113 (For Respondent-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Brian M. Ames, appeals the trial court's decision dismissing his complaint against appellee, the Portage County Republican Central Committee (PCRC). We reverse and remand.

{¶2}    Ames raises three assignments of error:

{¶3} "[1.] The trial court erred by granting a motion for dismissal that does not appear on the record and that it could have never seen.

{¶4} "[2.] The trial court erred by failing to grant relator's motion for default judgment.

{¶5} "[3.] The trial court erred by failing to consider relator-appellant's motion to strike all documents filed by Attorney Nancy C. Schuster (T.d. 27)."

{¶6} Ames' first assigned error presents two arguments. First, he asserts the trial court erred in ruling on a motion to dismiss that was not filed with the clerk of courts. Second, Ames claims the trial court's receipt and adoption of the PCRC's proposed judgment entry granting its motion to dismiss constitutes improper ex parte communication.

{¶7} First, and as alleged, PCRC's motion to dismiss was not filed by the Portage County Clerk of Courts on the date it was sent and received by clerk for email filing, i.e., July 13, 2017. Instead, it was ultimately learned that although the clerk time stamped and docketed the motion for leave on this date, it inadvertently failed to file the motions that were sent as separate attachments to the email, including the motion to dismiss. The trial court granted the unfiled motion to dismiss on January 3, 2018 without knowledge that it had not been filed. Ames appealed on January 4, 2018. Thereafter, and upon being informed of the clerk's clerical error, the trial court issued a nunc pro tunc judgment dated February 5, 2018 deeming the motion filed effective July 13, 2017. However, the trial court lacked authority to issue this nunc pro tunc judgment once the appeal was filed. Civ.R. 60(A).

2

**{¶8}** A trial court's authority to issue a nunc pro tunc judgment to correct clerical mistakes is governed by Civ.R. 60(A), *Clerical Mistakes* which states:

**{¶9}** "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. *During the pendency of an appeal*, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter *while the appeal is pending may be so corrected with leave of the appellate court*." (Emphasis added.)

**{¶10}** In this case, the application of Civ.R. 60 is de novo because it presents a question of law. *Larson v. Larson,* 3d Dist. Seneca No. 13-11-25, 2011-Ohio-6013, ¶8; *Gumins v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 10AP-941, 2011-Ohio-3314, ¶11.

**{¶11}** Here, the trial court issued its nunc pro tunc decision *after* the notice of appeal was filed, yet neither the PCRC nor the trial court sought leave under Civ.R. 60(A) to do so. Once an appeal is filed, the failure to secure leave renders a nunc pro tunc decision a nullity. *Mulliken v. Mulliken,* 11th Dist. Geauga No. 2007-G-2806, 2008-Ohio-2752, ¶22; *Outback/Buckeye-II, Ltd. Partnership v. Lofino Grandchildren's Trust*, 2d Dist. Greene Nos. 06-CA-2 & 06-CA-44, 2007-Ohio-577, ¶76; *Mannix v. DCB Service, Inc.,* 2d Dist. Montgomery No. 19910, 2004-Ohio-6672, ¶14. Thus, we do not consider the trial court's nunc pro tunc judgment dated February 5, 2018 because it is a nullity. *Id.*

**{¶12}** Notwithstanding, this does not resolve Ames' argument that the trial court erred in granting a motion to dismiss that was not actually filed.

3

**{¶13}** After Ames filed his complaint, the PCRC sought two extensions of time to respond to his complaint and discovery requests. On July 13, 2017, the PCRC moved for leave instanter to file a motion to dismiss, request for sanctions, and a motion to stay discovery. The leave request states that the motions are attached, but as stated, these motions were not actually filed.

**{¶14}** Ames responded to the motion for leave by arguing that the PCRC was in default for not answering his complaint. The trial court subsequently discussed the PCRC's motions at an August 24, 2017 status conference, and counsel for the PCRC advised the judge that she filed a motion to dismiss based on Ames' failure to state a claim for which relief could be granted. The judge comments that Ames had not responded to this motion. When asked how long he needs to respond, Ames states he anticipates filing an amended complaint within 28 days. Ames does not object to the court's addressing the motion at this juncture. The trial court subsequently issued its September 12, 2017 order, granting him 30 days to respond.

**{¶15}** Instead of filing an opposition, however, Ames filed a motion for default judgment. In this motion, Ames points out that the motion to dismiss is not on the court's docket. Thereafter, the PCRC opposed the default judgment motion arguing that it was not in default because it filed a motion to dismiss, consistent with Civ.R. 12(B). At this juncture, it appears neither the court nor appellee's counsel was aware that the motion to dismiss was not filed.

**{¶16}** Ames again advises the court after it granted the motion to dismiss that the motion was never filed. Ames confirms that he received an email copy of the motion

4

for leave and the motion to dismiss. When asked how he is prejudiced, Ames told the trial court that the appellate court would not have the motion before it.

{¶17} Thus, although the motion to dismiss was not filed, Ames was aware of the basis of the motion because he agreed that he received a copy. He also had notice that the trial court was considering it. And although he was granted leave to respond, he never opposed the substance of the motion or filed an amended complaint, but instead relied solely on the fact that the motion to dismiss was not filed.

{¶18} Although the court advised Ames of its intention to consider the PCRC motion to dismiss and gave him an opportunity to respond to the motion, Ames' response was one permitted under the rules, i.e., to move for default judgment based on the defendant's failure to respond or answer his complaint. The trial court was not sua sponte considering dismissing the case.

{¶19} Implicit in Civ.R. 12(B), which permits a motion to dismiss to be filed in lieu of an answer, is the requirement that the motion is *actually filed* with the clerk of court consistent with Civ.R. 5(D) and (E) (generally requiring "any paper" that must be served "shall be filed" with the clerk of court).

{¶20} Thus, under the unique facts present, the court's decision to dismiss Ames' complaint under Civ.R. 12(B)(6) was erroneous because the motion was not yet filed.

{¶21} Thus, dismissal was improper, and Ames' first argument under his first assigned error has merit.

{¶22} As for Ames' second argument under his first assigned error, an ex parte communication is communication about a case that an adversary makes to

5

the judge or magistrate without notice to an affected party. *State v.* Sanders, 188 Ohio App.3d 452, 2010-Ohio-3433, 935 N.E.2d 905, ¶19 (10th Dist.). Here, both Ames and defense counsel were given an opportunity to submit a proposed judgment entry. However, the record does not establish if Ames received a copy of the PCRC's proposed judgment entry. Thus, we cannot determine whether he had notice of the communication.

{¶23} But assuming the PCRC failed to provide Ames with a copy of its proposed judgment, he nevertheless fails to establish resulting prejudice. *Id.* at ¶21 (holding in part that even if an ex parte communication occurs, the complaining party must still show prejudice). Thus, his second argument under his first assigned error lacks merit.

{¶24} Ames' second assigned error asserts the trial court erred by failing to grant his motion for default judgment.

{¶25} A trial court's decision to enter default judgment for failure to defend will not be reversed absent an abuse of discretion. *Huffer v. Cicero,* 107 Ohio App.3d 65, 74, 667 N.E.2d 1031, 1036 (4th Dist.1995). A reviewing court will not reverse absent a clear abuse of discretion, which connotes judgment that does not comport with reason or the record. *Ivancic v. Enos,* 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70. An abuse of discretion is likewise defined as a court's "'failure to exercise sound, reasonable, and legal decision-making.'" *Id.* quoting *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When reviewing an issue of law, however, the fact that

an appellate court would decide the matter differently is enough to find error. *Ivancic, supra*.

**{¶26}** Here, the trial court deemed Ames' motion for default judgment moot because it was granting the PCRC's motion to dismiss. Because its conclusion was based on the faulty premise that it could grant an unfiled motion to dismiss, its subsequent decision that Ames' default motion was moot was likewise incorrect as a matter of law. Thus, we find an abuse of discretion and reverse and remand for the trial court to consider the motion for default judgment pursuant to its discretion.

**{¶27}** Ames' third assignment contends the trial court should have stricken all the pleadings filed by Attorney Nancy C. Schuster because he alleges she does not represent the PCRC.

**{¶28}** As alleged, the trial court also did not rule on this motion to strike because its ruling on the motion to dismiss rendered it moot. However, and for the reasons previously stated, it erred as a matter of law in granting dismissal. Accordingly, the court's subsequent decision deeming the motion to strike moot is likewise erroneous, and as such, Ames' third assigned error has merit.

**{¶29}** In conclusion, Ames's first, second, and third assigned errors have merit. We reverse the trial court's decision dismissing his complaint and overruling his motions for default judgment and to strike, and remand.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

_____

7

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶30} I concur with the majority's judgment that it is necessary to reverse the trial court's decisions both granting PCRC's motion to dismiss and finding other pending motions to be moot. I write separately to emphasize a few necessary points on the procedural shortcomings in the trial court's ruling, to address PCRC's argument that the trial court could have properly dismissed this matter even had the procedural failure in filing the motion to dismiss not taken place, and, importantly, because the trial court should have granted Ames' Motion to Strike as well as his Motion for Default Judgment.

{¶31} It must be clearly highlighted that it is essential to properly file any document, including a motion to dismiss, with the clerk in order to have that matter pending before the trial court for a ruling. Civil Rule 5(D) requires that "[a]ny paper after the complaint that is required to be served," including motions "shall be filed with the court within three days after service." Civ.R.5(D). "Motions and other papers not properly filed are considered unknown to a trial court," *Beverly v. Lasson*, 2d Dist. Miami No. 07-CA-22, 2008-Ohio-3707, ¶ 39, and therefore ruling on such motions is improper. Here, the trial court apparently determined that it could rule on a motion to dismiss when it had not been properly filed. There is no legal justification for doing so. In the absence of a properly filed motion to dismiss, the trial court should not have dismissed the matter but, rather, proceeded forward and ultimately addressed its merits, or, in this case, considered other motions filed by Ames, such as the Motion for Default Judgment.

{¶32} PCRC argues that, even if the court erred in granting a motion to dismiss that was improperly filed, the court was permitted to dismiss the matter sua sponte

8

pursuant to Civ.R. 12(B)(6).  The majority failed to address this argument, but it is without merit.  "Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) * * * only after the parties are given notice of the court's intention to dismiss and an opportunity to respond."  *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.,* 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995).  A trial court errs when it dismisses a complaint sua sponte "without first notifying all parties of its intent." *Mayrides v. Franklin Cty. Prosecutor's Office*, 71 Ohio App.3d 381, 384, 594 N.E.2d 48 (10th Dist.1991).  This is the case because "[a] sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants.  * * *  It places the court in the role of a proponent rather than an independent entity.   *  *  * Sua sponte dismissals also  prejudice  appellants  as  they  deny  any  opportunity  to respond to the alleged insufficiencies. * * *."  (Citation omitted.)  *Concord Health Care, Inc. v. Schroeder*, 177 Ohio App.3d 228, 2008-Ohio-3392, 894 N.E.2d 351, ¶ 11 (11th Dist.).  Here, if we presume that the court's dismissal was sua sponte rather than based on the improperly filed motion to dismiss, it was imperative that Ames be given notice and an opportunity to respond.  To do otherwise would be a violation of due process. The trial court gave Ames the ability to respond to PCRC's motion to dismiss but did not inform him of the intention to rule sua sponte on its own grounds.  Thus, contrary to PCRC's assertions, the court had no grounds to dismiss Ames' case, sua sponte or otherwise.

{¶33}  There is an exception to this requirement where "the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint."  *Edwards* at 108.  At this juncture in the proceedings, the record does not indicate that the

Complaint was frivolous or that there was no possibility for Ames to prevail under the Complaint, which is evident from PCRC's arguments relating to specific issues of contention on the merits in its brief.

{¶34} Moreover, while the majority determines that the trial court erred in denying the Motion to Strike and Motion for Default Judgment solely because they were not actually moot, the record indicates that both of these Motions should have been granted in favor of Ames. Regarding the Motion for Default Judgment, the foregoing discussion makes it evident that PCRC, through its attorney, did not properly respond to the Complaint as its attorney never assured that a responsive motion, such as a motion to dismiss, was actually filed in the trial court. It has been held that "counsel bears the burden of ensuring that his or her electronically filed document was properly filed and accepted by the clerk of courts * * *." *Rutti v. Dobeck*, 8th Dist. Cuyahoga No. 105634, 2017-Ohio-8737, ¶ 15. When a document is transmitted via e-mail, it is incumbent upon counsel to ensure that any attached documents are received and filed by the clerk. Such a holding is also consistent with an attorney's duty to act with "reasonable diligence" under the Ohio Rules of Professional Conduct. Prof.Cond.R. 1.3. Failure to exercise such diligence and ensure proper filing precludes the trial court from considering the merits or substance of the motion. Civ.R. 5(D); *Beverly*, 2008-Ohio-3707, at ¶ 39.

{¶35} In light of this, the failure to respond supports a ruling in favor of Ames on a request for default judgment. This is the case even though PCRC had initially appeared by filing motions to request extensions of time to file an answer since it "otherwise failed to defend the case and received proper notice of

10

the default judgment motion." (Citation omitted.) *In re Foreclosure of Liens*, 11th Dist. Lake No. 2014-L-102, 2015-Ohio-1258, ¶ 30.

**{¶36}** The court also erred by failing to grant the Motion to Strike in favor of Ames. Ames specifically argued, with supporting documentation, that counsel who filed documents purportedly on the respondent, PCRC's behalf, was not hired or paid for by PCRC but only by the committee chairman, who was not a named party to the proceedings. The trial court entirely failed to address the merits of these arguments. Regardless, any filings made by PCRC's counsel, such as a motion for an extension, ultimately should be assigned no weight since, as described above, default judgment should have been granted, rendering these filings moot.

**{¶37}** With the foregoing clarifications, and given the court's procedural errors in this matter, I concur in judgment only with the majority of this court reversing this case and would grant the Motion to Strike and the Motion for Default Judgment for the reasons outlined above.